UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. NOBLE, : | |
| Plaintiff, : | **MEMORANDUM OPINION** |
| : | CIVIL ACTION NO. 07-4528 (MLC) |
| v. : | |
| MARY L. COOPER, : | |
| Defendant. : | |

| | |
|---|---|
| THOMAS E. NOBLE, : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 09-5857 (MLC) |
| COMMONWEALTH OF PENNSYLVANIA, : et al., : | |
| Defendants. : | |

**COOPER, District Judge**

The plaintiff pro se — Thomas E. Noble ("Noble") — brings these two actions: (1) Noble v. Cooper, No. 07-4528 (MLC) ("2007 Action"); and (2) Noble v. Commonwealth of Pennsylvania, No. 09-5857 (MLC) ("2009 Action"). The Court has consolidated the allegations and requests for relief contained in a third action, Noble v. Cooper, No. 10-1460 (MLC) ("2010 Action"), into the 2009 Action by a separate order, and will treat those allegations and requests for relief as if they are pending under the 2009 Action.[1]

---

[1] This Memorandum Opinion will cite the docket entry on the 2010 Action docket, but it will be treated as if it is part of the 2009 Action.

Noble seeks in-forma-pauperis relief, as well as other forms of relief, in the 2007 Action and the 2009 Action. The Court will (1) grant the separate pending applications for in-forma-pauperis relief under 28 U.S.C. § 1915, (2) dismiss the claims asserted in the 2007 Action and the 2009 Action, and (3) deny the requests for other forms of relief.

## IN-FORMA-PAUPERIS RELIEF

Noble applies for in-forma-pauperis relief in the 2007 Action and the 2009 Action. See Mot. For Leave To Proceed In Forma Pauperis, Noble v. Commonwealth of Pennsylvania, No. 09-5857 (MLC) (E.D. Pa. Dec. 9, 2009), ECF No. 1; Mot. For Leave To File In Continuation, Noble v. Cooper, No. 07-4528 (MLC) (E.D. Pa. Oct. 26, 2007), ECF No. 1; see also Mot. For Leave To Proceed In Forma Pauperis, Noble v. Cooper, No. 10-1460 (MLC) (E.D. Pa. Mar. 31, 2010), ECF No. 1. The Court, based upon Noble's assertions, will (1) grant those applications, and (2) direct the Clerk of the Court to file the submitted documents in the 2007 Action and the 2009 Action. See In re Noble, No. 10-1496, slip op. at 1 (3d Cir. Feb. 18, 2010) (granting Noble's motion for leave to proceed in forma pauperis). The Court may now (1) review the claims in the 2007 Action and the 2009 Action, and (2) dismiss them sua sponte if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against defendants who are immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

**I.   Habitual Litigant**

Noble, as noted in a case from the United States District Court for the District of Delaware ("Delaware Action"), is a "habitual litigant" who has brought several actions in the federal district courts under his current name, as well as under the names Thomas D. Guyer and Walter M. Guyer.  Noble v. Becker, No. 03-906, 2004 WL 96744, at *1 (D. Del. Jan. 15, 2004); see id. at *1 nn.1,4,& 5 (listing cases).  The Judge assigned to the Delaware Action, wherein Noble named many federal judges as defendants, made the following observation about Noble that is relevant here: "When reviewing Noble's complaint history, a pattern becomes clear.  After the dismissal of his claims, rather than file an appeal as required by the Federal Rules of Civil and Appellate Procedure, Noble simply files new lawsuits and demands further review."  Id. at *2.

**II.  2004 Action**

Noble brought an action in the United States District Court for the Eastern District of Pennsylvania in 2004 ("2004 Action") naming as defendants two federal judges and the Clerk of the Court, wherein he alleged that the defendants were part of a conspiracy to deprive him of his constitutional rights in the federal courts.  See Complaint, Noble v. Becker, No. 04-5997 (MLC) (E.D. Pa. Dec. 23, 2004), ECF No. 1.

A Judge previously assigned to the 2004 Action issued a particular order in April 2005 ("April 2005 Order"). Noble v. Becker, No. 04-5997 (MLC), slip op. (E.D. Pa. Apr. 18, 2005). Noble believes that the April 2005 Order directed that the 2004 Action be transferred to a district court situated outside of the Third Circuit. In re Noble, 371 Fed.Appx. 255, 257 n.2 (3d Cir. 2010) (noting same). However, the April 2005 Order "does not order the Clerk to transfer his case out of the circuit". Id.

The 2004 Action was then reassigned to this Judge. Noble v. Becker, No. 04-5997 (MLC), slip op. at 1 (E.D. Pa. Mar. 22, 2007). In a March 2009 order ("March 2009 Order"), this Judge ordered the Clerk of the Court to not file the Complaint submitted by Noble and to close the 2004 Action. Noble v. Becker, No. 04-5997 (MLC), slip op. at 3 (E.D. Pa. Mar. 30, 2009). As noted by the Third Circuit Court of Appeals concerning the March 2009 Order, "Noble did not appeal from the dismissal of that case". In re Noble, 371 Fed.Appx. at 257 n.2.

## DISPOSITION OF PENDING ACTIONS

### I. 2007 Action

Noble in the 2007 Action seeks to compel this Judge to transfer the 2004 Action to a district court situated outside of the Third Circuit pursuant to his interpretation of the April 2005 Order. See Mot. For Leave To File In Continuation, Noble v. Cooper, No. 07-4528 (MLC) (E.D. Pa. Oct. 26, 2007), ECF No. 1.

Noble's interpretation of the April 2005 Order is incorrect. See supra p. 4 (noting statement by Third Circuit Court of Appeals on the April 2005 Order). Therefore, the claims asserted in the 2007 Action will be dismissed as frivolous and for failing to state a claim on which relief may be granted.

## II. 2009 Action[2]

### A. Motion for Recusal

Noble moves for the recusal of this Judge, arguing that this Judge "has been working in conspiracy with Judge Becker ET AL to illicitly OBSTRUCT [his] court access". See Mot. to Recuse at 1, Noble v. Becker, No. 09-5857 (MLC) (E.D. Pa. Feb. 24, 2010), ECF No. 3. But the Third Circuit Court of Appeals has already rejected the plaintiff's argument concerning this Judge, noting:

> To the extent that Noble may seek to disqualify Judge Cooper based on alleged bias and prejudice, the conclusory allegations of his petition do not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judge's impartiality might reasonably be questioned. See 28 U.S.C. § 455(a); In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003).

In re Noble, 371 Fed.Appx. at 257.

Noble's conduct here is reminiscent of his conduct in the Delaware Action. The assessment of the Judge in the Delaware Action is relevant here, and will be quoted at length:

---

[2] The Court reiterates that the allegations in the 2010 Action will be treated as if they are in the 2009 Action.

5

Noble has also filed two Motions for Recusal. . . . Noble alleges that I am unable to render a fair and impartial decision in this matter because I am a member of a broad conspiracy to deprive him of his constitutional rights. . . . Noble does not present a statutory basis for his Motions.  Therefore, the Court will analyze the motions under both [28 U.S.C. §§ 144 and 455].  In order to be disqualifying, both § 144 and § 455 require that the alleged bias or prejudice stem from an extrajudicial source.  See Liteky v. United States, 510 U.S. 540 (1994).  "Extrajudicial source" means a source outside the present or prior judicial proceedings.  See id. at 555 (emphasis added).  The Court will address Noble's allegations separately under each section.

Section 144 requires that a party seeking recusal file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  See 28 U.S.C. § 144 (emphasis added).  "Conclusory allegations need not be accepted as true." Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)).  In this case, Noble's affidavit is not sufficient to support his claims.  Noble has not presented any facts to support his motions.  He has merely presented his conclusory allegations that a vast conspiracy exists.  He bases that belief, as well as the motions for recusal, not on any tangible evidence but on judicial rulings in his prior cases.

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. at 555 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).  The Supreme Court explained that judicial rulings "in and of themselves can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to prove bias.  Id.  Noble's bare allegation that I am biased because other judges in this District have dismissed his prior suits has no merit and is insufficient to support his claim.

Under § 455, "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding

> in which his impartiality might reasonably be
> questioned." 28 U.S.C. § 455. Section 455 requires a
> judge to raise the issue of bias <u>sua</u> <u>sponte</u>. "Under
> this section a judge must consider whether a reasonable
> person knowing all the circumstances would harbor doubts
> concerning the judge's impartiality." <u>Jones</u>, 899 F.2d
> at 1356 (citing <u>United States v. Dalfonso</u>, 707 F.2d 757,
> 760 (3d Cir.1983)). Again, other than his bare
> allegations, Noble has offered no evidence to support
> his claim that the Court harbors a bias against him.
> Consequently, the Court finds that no reasonable person,
> knowing all the circumstances, would harbor doubts
> concerning the Court's impartiality.
>
> Noble has failed to allege sufficient facts to prove
> that the Court has a personal bias or prejudice against
> him. Furthermore, Noble has failed to show that a
> reasonable person, knowing all the circumstances, would
> harbor doubts concerning the Court's impartiality.
> Therefore, the Court shall deny the motions for recusal.

<u>Noble v. Becker</u>, 2004 WL 96744, at *2-*3. The motion for recusal here will be denied as well.

**B.  Noble's Claims**

Noble seeks relief against the Commonwealth of Pennsylvania and United States Department of Veterans Affairs ("DVA"), incorrectly named as the Veterans Administration. Noble receives certain monthly veterans benefits ("Benefits"). He alleges that a Pennsylvania state court incorrectly issued a warrant for his arrest ("Warrant") in 2003, and then dismissed the Warrant in October 2009. Noble alleges, however, that the DVA (1) has wrongfully found that he was not entitled to the Benefits from 2003 to 2009, while the Warrant was active, (2) wrongfully intends to recoup the amount paid to him from 2003 to 2009, <u>i.e.</u>,

7

$175,000, and (3) wrongfully intends to withhold his future Benefits and to apply the amount withheld to the $175,000 debt. He seeks damages against the Pennsylvania state courts for issuing the Warrant ("Wrongful Warrant Claims"), and to compel the DVA to continue paying the Benefits ("Benefits Claims"). See generally Mot. For Leave To Proceed In Forma Pauperis, Noble v. Commonwealth of Pennsylvania, No. 09-5857 (MLC) (E.D. Pa. Dec. 9, 2009), ECF No. 1; Mot. For Emergency Preliminary Relief, Noble v. Commonwealth of Pennsylvania, No. 09-5857 (MLC) (E.D. Pa. Feb. 24, 2010), ECF No. 2; Affidavit In Support, Noble v. Cooper, No. 10-1460 (MLC) (E.D. Pa. Mar. 31, 2010), ECF No. 1.

  **1. Wrongful Warrant Claims**

The Wrongful Warrant Claims, to the extent that they may be interpreted as being against either Pennsylvania itself or the Pennsylvania state courts, are barred from federal court by the immunity from suit afforded by the Eleventh Amendment to the United States Constitution. See Carroway v. New Jersey, 202 Fed.Appx. 564, 565 (3d Cir. 2006); Benn v. 1st Jud. Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005); Callahan v. City of Phila., 207 F.3d 668, 673-74 (3d Cir. 2000). Furthermore, the Wrongful Warrant Claims are alternatively barred because the state courts are immune from liability for the official acts taken by state judges, i.e., the issuance of a warrant. See Mendoza v. Larotonda, 270 Fed.Appx. 157, 159 (3d Cir. 2008). Therefore, the

8

Court will dismiss the Wrongful Warrant Claims on the grounds that they are frivolous, fail to state a claim on which relief may be granted, and seek monetary relief against defendants who are immune from such relief.

**2. Benefits Claims**

Noble's sole avenue for relief on the Benefits Claims, pursuant to the Veterans' Judicial Review Act ("VJRA"), is to (1) file an objection at a regional DVA office to the DVA's threat to recoup the Benefits paid, and (2) bring an appeal from an unfavorable decision to the Board of Veterans' Appeals, and then — if necessary — to the Court of Appeals for Veterans Claims, the Court of Appeals for the Federal Circuit, and the United States Supreme Court. See Lewis v. Norton, 355 Fed.Appx. 69, 70 (7th Cir. 2009) (citing 38 U.S.C. §§ 511, 7104, 7252, 7291, and 7292); Sullivan v. Dep't of Veterans Affairs, No. 10-29, 2010 WL 1981533, at *2 (D. Mont. Apr. 5, 2010) (report and recommendation of Magistrate Judge; citing same, as well as 38 U.S.C. §§ 7105 and 7261), adopted in full, 2010 WL 1980093 (D. Mont. May 14, 2010).

This Court is precluded from exercising jurisdiction over a challenge to a threat by the DVA to recoup overpaid benefits, such as the Benefits Claims here. See Lewis, 355 Fed.Appx. at 70 (concerning allegation of wrongful recoupment of benefits by DVA); Aikens v. U.S. Dep't of Veterans Affairs, No. 09-73, 2010 WL 625369, at *1-*2 (E.D. Tenn. Feb. 17, 2010) (same); see also Sullivan, 2010 WL 1981533, at *2-*3. Therefore, this Court will

dismiss the Benefits Claims because they fail to state a claim on which relief may be granted here.

This Court, however, will dismiss the Benefits Claims with leave to Noble to attempt to seek relief in the proper forum as mandated by the VJRA. This Court offers no opinion as to whether Noble will be permitted to proceed in the proper forum. See Brandenburg v. Principi, 371 F.3d 1362, 1364 (Fed. Cir. 2004) (stating entities authorized under the VJRA to adjudicate claims may determine whether equitable tolling is available for an untimely claim).

### 3. Request To Enjoin DVA

Noble moves to enjoin the DVA from seeking to recoup the Benefits paid to him from 2003 to 2009. See Mot. for Emergency Preliminary Relief, Noble v. Commonwealth of Pennsylvania, No. 09-5857 (MLC) (E.D. Pa. Feb. 24, 2010), ECF No. 2. This Court lacks jurisdiction to grant such relief, as discussed supra. This Court will deny the motion without prejudice to Noble to attempt to pursue relief in the proper forum.

## CONCLUSION

Noble's separate requests for in-forma-pauperis relief will be granted. However, his claims will be dismissed. The Court will issue an appropriate Order and Judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: September 28, 2010